IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| COURTNEY MEANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 14-2606-JDT-dkv |
| ) | |
| MATTHEW HAYLES, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS* AND
NOTIFYING PLAINTIFF OF RESTRICTIONS UNDER 28 U.S.C. § 1915(g)

On August 4, 2014, Plaintiff Courtney Means, Tennessee Department of Correction ("TDOC") prisoner number 375663, who is currently an inmate at the Turney Center Industrial Complex in Only, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (ECF No. 1.) In an order issued on August 5, 2014, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.)

The complaint addressed Plaintiff's previous confinement at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee. The named Defendants were Security Threat Group ("STG") Coordinator Matthew Hayles; Unit Manager William Bryant; Officer First Name Unknown ("FNU") Jackson; TDOC Director of Classification Brandon Maloney; former WTSP Warden Jerry Lester; former Acting WTSP Warden Dwight Barbee; Captain FNU Sweat; Captain FNU Munford;

Assistant Warden Clarence Dickerson;[1] and TDOC Commissioner Derrick Schofield. Each of the individual Defendants was sued in his or her individual and official capacities. (ECF No. 1 at PageID 5.)

On December 15, 2014, the Court issued an order dismissing Plaintiff's complaint for failure to state a claim. (ECF No. 6.) The claims against all of the Defendants in their official capacities were dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2). (*Id.* at 9-10.) The claims against Defendants Lester, Bryant and Maloney arising from Plaintiff's assignment to the Security Management Unit ("SMU") Program were held to be barred by claim preclusion (*id.* at 10-12), and the similar claims against the remaining Defendants were determined to be barred by issue preclusion (*id.* at 12-13). The Court held that alleged violations of TDOC policy are not actionable under § 1983 (*id.* at 8), that Plaintiff lacked a due process right to be reclassified after his completion of the SMU Program or to have the STG designation removed from his records (*id.* at 13-14), and that the issuance of an allegedly false disciplinary write-up did not violate Plaintiff's rights (*id.* at 14-15). Finally, the failure to protect claim arising from an assault by other inmates was dismissed because the complaint did not adequately allege that Plaintiff faced a substantial risk of of serious harm from his fellow inmates and did not allege that any named Defendant was aware of that risk and was deliberately indifferent to it. (*Id.* at 18-19.) However, the Court granted Plaintiff leave to file an amended complaint that cured the defects in his claims against the Defendants in their individual capacities and directed that any amendment must be filed within twenty-eight days. (*Id.* at 20.) Plaintiff filed his amended complaint on January 9, 2015. (ECF No.

---

[1] The Clerk is directed to modify the docket to reflect Defendant Dickerson's first name, which is contained in the amended complaint. (ECF No. 7 at PageID 52.)

7.) The amended complaint names WTSP Classification Coordinators FNU Humphries and Denys Yeager as additional Defendants. (*Id.* at PageID 52.) The Clerk is DIRECTED to add these two Defendants to the docket.

The amended complaint reiterates each of the claims in the original complaint but does not cure the deficiencies in those claims. The failure to protect claim still does not adequately allege the basis for Plaintiff's belief that he was in serious risk of assault from his fellow inmates and does not allege that any Defendant was aware of that fact. The amended complaint alleges only that "I knew my safety was going to be an issue at [the WTSP] because of the ongoing tension from the death of my cousin." (*Id.* at PageID 53.) Plaintiff's cousin was housed at the Northwest Correctional Complex in Tiptonville, Tennessee when he was killed (*id.* at PageID 52), and the amended complaint does not explain why the murder of Plaintiff's cousin at another facility would implicate Plaintiff's safety at the WTSP. None of the various exhibits referred to in the amended complaint address Plaintiff's concern for his safety. For example, Exhibit 3, a letter from Plaintiff to Defendant Maloney, which Maloney received on January 10, 2013, does not mention any concerns for Plaintiff's safety at the WTSP. (ECF No. 7-3.)

The amended complaint does allege that "[h]aving an active STG status guarantees you a housing in the western region prisons, where a lot of the TDOC violence takes place" (ECF No. 7 at PageID 53) and that "WTSP is known for the violence, and I knew eventually a problem would happen" (*id.* at PageID 54). These allegations are insufficient to satisfy the objective component of an Eighth Amendment claim because it does not demonstrate any threat to Plaintiff in particular. *See Gant v. Campbell,* 4 F. App'x 254, 256 (6th Cir. 2001) ("Gant's Eighth Amendment claim fails because he did not allege that the defendants were deliberately indifferent to a specific, known risk

3

to his safety. . . . Although Gant expressed a general concern, he had not received any threats prior to being transferred, nor did he identify any particular gang members whom he feared."); *Shye v. Melton,* No. 2:13-0113, 2014 WL 6873154, at *7 (M.D. Tenn. Dec. 3, 2014) ("[A]n inmate's general concerns about prison safety will not support a claim under Section 1983.") (report and recommendation). For that reason alone, the amended complaint fails to state a viable failure to protect claim.

Therefore, the Court DISMISSES Plaintiff's amended complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment

4

procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

Finally, for analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the third dismissal of one of his cases as frivolous or for failure to state a claim.[2] This "strike" will take effect when judgment is entered in this case. *See Coleman v. Tollefson*, 733 F.3d 175, 177-78 (6th Cir. 2013).

Section 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Consequently, Plaintiff is warned that he is barred from filing any further actions *in forma pauperis* while he is a prisoner within the meaning of 28 U.S.C. § 1915(h) unless he is in imminent danger of serious physical injury. Any civil action filed by Plaintiff after the date of the judgment in this case must be accompanied either by the $400 civil filing fee or by allegations

---

[2] Plaintiff previously filed *Means v. Lester,* No. 13-2836-JDT-cgc (W.D. Tenn. Feb. 27, 2014) (dismissed for failure to state a claim), and *Means v. Moore,* No. 08-2424-STA-dkv (W.D. Tenn. Dec. 15, 2008) (dismissed for failure to state a claim).

sufficient to show that, at the time of filing the action, he is in imminent danger of serious physical injury. If Plaintiff submits any complaint that does not allege he is under imminent danger of serious physical injury or is not accompanied by the filing fee, the complaint will be filed, but Plaintiff will be required to remit the full filing fee. If he fails to do so, the case will be dismissed, and the filing fee will be assessed from his inmate trust account without regard to the installment payment procedures of 28 U.S.C. § 1915(a)-(b).[3]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff is further cautioned that, if he attempts to evade the § 1915(g) restriction by filing actions in other jurisdictions that are then transferred or removed to this district, the Court may impose a monetary sanction in the full amount of the civil filing fee.